UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DARREL THOMPSON,                                          :        **DOCKET NO.:**

                                                         :

                              Plaintiff,                 :        **COMPLAINT**

              -against-                                   :        ECF CASE

                                                         :

THE BANK OF NEW YORK MELLON CORP.,                       :        **TRIAL BY JURY**

                              Defendant.

----------------------------------------------------------------x

   Plaintiff, Darrel Thompson, by his attorney, SCIRETTA & VENTERINA, LLP,

as and for his Complaint against the defendant, alleges as follows, upon information and

belief:

## THE PARTIES

   1. Plaintiff, Darrel Thomson, currently resides at 1001 Woodycrest Avenue,

Bronx, New York 10452. He was employed by the defendant, The Bank of New York

Mellon,  from on or about October of 1989 through February 29, 2016. During his

employment, he was employed as Vice President Client Service The Bank of New York

Mellon located at 101 Barclay Street, New York, New York 10286.

   2. The defendant, THE BANK OF NEW YORK MELLON, is a Delaware

Corporation licensed and/or registered to do business in the State of New York and/or

doing business within the State of New York, with a principal place of business at 255

Liberty Street, New York, New York 10286.

3.      The defendant, THE BANK OF NEW YORK MELLON, is a New York banking institution with numerous branches in the State of New York and which does business within the State of New York.

4.      That the defendant, THE BANK OF NEW YORK MELLON does business within the State of New York.

5.      That the defendant, THE BANK OF NEW YORK MELLON could reasonably expect that its actions could and would have consequences within the State of New York.

6.      That the defendant, THE BANK OF NEW YORK MELLON  has an office located in New York, at 101 Barclay Streetb60 Broadway, New York, New York.

7.      At all times relevant to this Complaint, plaintiff was employed at the defendant, THE BANK OF NEW YORK MELLON which branch was located at 101 Barclay Street, New York, New York.


## THE NATURE OF THE ACTION


8.      This is a civil action for damages and remedies brought under Title VII of the Civil Rights Acts of 1964 and Federal Regulations preventing discrimination based upon age, color, race and  national origin; the New York State Executive Law § 296 et seq. ("New York State Human Rights Law"); and the Administrative Code of the City of New York § 8-101 et seq. ("New York City Human Rights Law").

2

## JURISDCTION & VENUE

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331. Further, the amount in controversy exceeds $150,000.

10.      The plaintiff demands a Jury Trial.

11.      Venue is proper in this district under 28 U.S.C. § 1391 (b).

## RELEVANT FACTS WITH RESPECT TO ALL CAUSES OF ACTION

12.      Plaintiff was originally hired on or about October of 1989, and worked as Vice President Client Services at THE BANK OF NEW YORK MELLON which branch was located at 101 Barclay Street, New York, New York.

13.      The plaintiff is of African American descent and is currently over the age of 60 years.

14.      The plaintiff was employed at THE BANK OF NEW YORK MELLON for over twenty five years.

15.      That the plaintiff had excellent evaluations and performance ratings throughout his employment at THE BANK OF NEW YORK MELLON.

16.      That the plaintiff's employment at THE BANK OF NEW YORK MELLON was terminated on or about February 29, 2016.

17.      That the plaintiff's employment at THE BANK OF NEW YORK MELLON was unjustifiably terminated on or about February 29, 2016.

3

18.    That the plaintiff's employment at THE BANK OF NEW YORK MELLON was terminated on or about February 29, 2016 based upon his age, which was over 60 years.

19.    That the plaintiff's employment at THE BANK OF NEW YORK MELLON was terminated on or about February 29, 2016 based upon his African American heritage, minority nationality, color, race and national origin.

20.    That at or about the time of the plaintiff's discharge, THE BANK OF NEW YORK MELLON, had been replacing older minority employees with younger non-minority employees.

21.    That plaintiff did nothing wrong or improper which warranted his termination.

22.    That plaintiff had been an exemplary employee for over twenty five years with excellent evaluations.

23.    That the plaintiff never violated any policies or procedures of THE BANK OF NEW YORK MELLON.

24.    That as a Vice President-Client Services for approximately 20 years, the plaintiff's duties and responsibilities included billing clients for fees.

25.    That in the later part of 2015, a mistake was made by bank personnel other than the plaintiff pertaining to a bill sent to a client for banking services performed.

26.    That a client was over billed by the bank and said client complained to plaintiff and requested that he correct the error.

4

27.     That the plaintiff rectified the problem in a manner within his discretion as a Vice President-Client Services.

28.     That the plaintiff reviewed the problem and verified that the client was over billed and thereafter corrected the problem in a manner that complied with banking policies.

29.     The plaintiff correctly and accurately balanced the banks over billing and adjusted the banks records with respect to the over over billing.

30.     During the same quarter, a different and/or second client had been under billed by personnel at the bank, other than the plaintiff.

31.     The under billed client was sent an invoice to pay the appropriate fees with respect to the said bank's under billing, and the said client paid the appropriate under billed sums to the bank's billing department.

32.     The plaintiff corrected the billing errors for both the over billed and under billed clients and correctly balanced the bank's records.

33.     The plaintiff properly balanced the under billed and over billed clients accounts so that the billing department's records properly balanced.

34.     It was within the plaintiff's discretion, as Vice President-Client Services, to correct these billing errors made by the Bank of New York personnel and/or billing department.

35.     It was within the plaintiff's discretion, as Vice President-Client Services, to correct these billing errors made by the Bank of New York in the manner described such that the banking ledger records were properly balanced and corrected.

5

36.    That the plaintiff's actions corrected errors made by THE BANK OF NEW YORK MELLON, which did not result in any shortfall upon the said bank.

37.    That in early 2016, plaintiff was instructed to take a leave of absence from THE BANK OF NEW YORK MELLON, for purposes of investigating his billing accounts.

38.    That the plaintiff met with bank investigators and cooperated fully.

39.    That nothing was found wrong with plaintiff's billing, as that plaintiff had always billed his accounts appropriately.

40.    That plaintiff was instructed to return to work at THE BANK OF NEW YORK MELLON.

41.    That plaintiff was terminated from THE BANK OF NEW YORK MELLON, on February 29, 2016.

42.    That plaintiff was terminated from THE BANK OF NEW YORK MELLON, on February 29, 2016 without adequate basis and/or without adequate and proper explanation.

43.    That plaintiff was merely advised that he was terminated for actions taken against bank policy without any further explanation.

44.    That plaintiff requested information and an explanation pertaining to bank policy violated, and no further information or details were provided.

45.    That plaintiff requested information and an explanation pertaining to bank policy violated, and no policy or procedures allegedly violated were ever forthcoming.

6

46.     That plaintiff never violated any policies and/or procedures of THE BANK OF NEW YORK MELLON.

47.     That plaintiff was never presented with any purported policies and/or procedures of THE BANK OF NEW YORK MELLON that he allegedly violated which resulted in his termination.

48.     That the plaintiff never violated any policies and/or procedures of THE BANK OF NEW YORK MELLON; that the plaintiff never made any mistakes and/or errors that caused financial loss to the bank.

49.     That as a long term employee of THE BANK OF NEW YORK MELLON, the plaintiff is familiar with bank policies, and the plaintiff did not violate any such policies and/or procedures.

50.     That as a long term employee of THE BANK OF NEW YORK MELLON, the plaintiff is familiar with bank policies, and that even if the plaintiff did make an error (which is denied), bank policy and procedure was to issue a warning and place the warning in an employee's personnel file so that it would not happen again. Thereafter, if it occurred again, the employee might be terminated.

51.     That the plaintiff was never issued any warning but was terminated for rectifying an error made by the bank's billing department and/or personnel, in a manner that was within his discretion.

7

52.     That the plaintiff had been a loyal employee for THE BANK OF NEW YORK MELLON, for over 26 years and received annual favorable evaluations, and also received a favorable evaluation after he corrected the aforementioned billing mistakes made by the bank.

53.     In fact, prior to the plaintiff's termination, he took over the files of another Vice President-Client Services in addition to his own, wherein he doubled his work load. Further, in managing said files, he found numerous cases where clients were never charged, wherein his efforts resulted in the bank collecting over $300,000.00 in fees for the bank that were never properly billed.

54.     That plaintiff is aware of numerous serious banking errors made by other non-minority individuals, who merely received a warning.

55.     That plaintiff is aware that one client which had $150 million wired out of his account. Bank traders had put up the $150 million to trade, which would have resulted in the bank having a $150 million overdraft. Through plaintiff's own efforts, the trades were cancelled just in time to prevent this exorbitant overdraft. The bank traders, believed to be non-minorities who were responsible for this error,  were merely warned and no action was taken against them.

56.     That the plaintiff was terminated because of his age, color, race, national origin and  African American descent.

57.     That there are not many minority and/or African American employees in top officer positions.

8

58.   That THE BANK OF NEW YORK MELLON, had entered upon a pattern of firing and/or laying off employees who were minorities, including employees of African American descent, as well as older bank employees with years of experience who had good salaries and good benefits.

59.   That the plaintiff is aware of an older Hispanic female who was terminated in August of 2015, and replaced with two non-minority workers; an African American female employee, age 55, who was terminated in May of 2016; an older African American male with more seniority that plaintiff who was terminated in March of 2016.

60.   That over the recent past years, THE BANK OF NEW YORK MELLON, had a pattern of replacing older minorities with younger non-minority employees.

61.   That plaintiff was improperly terminated because of his age, color, race and national origin, as he is of African American descent and is over the age of 60 years.

62.   That any claim that the plaintiff somehow violated bank policy and/or procedure is only a pretext and disguise for the actual reason, which was due to plaintiff's age, race, color and national origin.

63.   That any claim that the plaintiff somehow violated bank policy and/or procedure is only a pretext, and that the plaintiff was terminated based upon his African American descent and his age which is over the age of 60 years.

64.   That plaintiff was improperly terminated from THE BANK OF NEW YORK MELLON on February 29, 2016.

9

65. That the defendant tarnished and/or damaged the plaintiff's reputation in the banking community.

## AS AND FOR A FIRST CAUSE OF ACTION BASED UPON DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 65 as if separately set forth herein.

67 . That following his termination, the plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission and was given EEOC Charge No. 520-2016-03819C.

68. That the plaintiff was given "Right to Sue" letter on or about December 22, 2016.

69. That the following action is being instituted within ninety (90) days of issuance of said right to sue letter.

70. That Title VII of the Civil Rights Act of 1964 (42 USC 2000e, et seq.), prohibits and makes it unlawful for employers from discriminating against individuals based upon sex, race, color, national origin and religion.

71. That it is also unlawful for an employer to retaliate against an individual for opposing employment practices that discriminate based upon sex, race, color, national origin and religion and/or for filing a discrimination charge or action under Title VII.

72.    That the defendant, THE BANK OF NEW YORK MELLON, is an employer, within the meaning of Title VII.

73.    That at all times mentioned herein, the plaintiff, Darrel Thompson,  was an employee of the defendant, THE BANK OF NEW YORK MELLON.

74.    That at all times mentioned herein, the defendant violated Title VII of the Civil Rights of 1964 by discriminating against the plaintiff herein with respect to his conditions, privileges of employment, terms of employment and with respect to his work environment based on his race, color and national origin.

75.    That at all times mentioned herein, the defendant  violated Title VII of the Civil Rights of 1964 by discriminating against plaintiff based upon his race, color and national origin, and/or by terminating plaintiff based upon his race, color and national origin.

76.    That at all times mentioned herein, the defendant herein violated Title VII of the Civil Rights of 1964 by discriminating against the plaintiff herein based upon his race, color and national origin, and further terminated his employment and/or discharged the plaintiff from employment based upon his race, color and national origin.

77.    That at all times mentioned herein, the defendants violated Title VII of the Civil Rights of 1964, by providing non-minority employees with preferential treatment, including providing non-minority personnel with warnings when they performed poorly and/or made errors, but by firing minority employees for less compelling reasons and/or for no reasonable basis at all and without any warning.

11

78.     That at all times herein mentioned, the defendants engaged in employment practices which caused a disparate impact upon minority persons, including providing non-minority personnel with warnings when they performed poorly and/or made errors, but by firing minority employees for less compelling reasons and/or for no reasonable basis at all, without any warning and without providing a reasonable explanation for such termination.

79.     That the defendant intentionally discriminated against the plaintiff, Darrel Thompson, and/or other minority employees, based upon their race, color and/or national origin.

80.     That the defendant intentionally discriminated against the plaintiff, Darrel Thompson, and/or other minority employees, based upon their race, color and/or national origin, in violation of Title VII of the Civil Rights Act of 1964.

81.     That the defendant, individually, and through their servants, agents and/or employees, were motivated by race, color and/or national origin discrimination and/or engaged in employment practices whereby race, color and/or national origin discrimination was the motivating factor.

82.     That based upon the foregoing, the defendant was in violation of Title VII of the Civil Rights Act of 1964.

83.     That based upon the foregoing, the defendant intentionally engaged in discriminatory practices in violation of Title VII of the Civil Rights Act of 1964.

84.     That the foregoing discriminatory conduct was undertaken by and/or at the direction of and/or with the approval of the defendant.

12

85.     That based upon the defendant's discriminatory practices, the plaintiff has been injured and harmed.

86.     That the defendant engaged in discriminatory practices with malice and/or with reckless indifference to the protected rights of the plaintiff, Darrel Thompson.

87.     That based upon the foregoing, the plaintiff demands judgment against the defendant for compensatory damages, pecuniary loss, loss of benefits, damage to his reputation, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in an amount authorized by law.

88.     That based upon the foregoing, the plaintiff demands judgment against the defendant in the sum of four million ($4,000,000.00) dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

89.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 88 as if separately set forth herein.

90.     That following his termination, the plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission and was given EEOC Charge No. 520-2016-03819C.

91.     That the plaintiff was given "Right to Sue" letter on or about December 22, 2016.

92.     That the following action is being instituted within ninety (90) days of issuance of said right to sue letter.

13

93.     The Age Discrimination in Employment Act of 1967, prohibits employment discrimination against persons 40 years of age or older.

94.     The Age Discrimination in Employment Act of 1967 makes it unlawful for an employer to discharge an individual or otherwise discriminate against an individual because of such individual's age.

95.     The Age Discrimination in Employment Act of 1967 makes it unlawful for an employer to discharge an individual or otherwise discriminate against an individual because of such individual's age.

96.     That at all times mentioned herein, the defendants violated Age Discrimination in Employment Act of 1967, by discriminating against the plaintiff and against other employees over the age of 40 years.

97.     That at all times herein mentioned, the defendants engaged in employment practices which caused a disparate impact upon older individuals. including providing younger employees with warnings if mistakes were made, yet older employers were fired, without warning and for less compelling reasons and/or for no reasonable basis at all and without any warning.

98.     That the defendant intentionally discriminated against the plaintiff, Darrel Thompson, and/or other older employees, based upon their age.

99.     That the defendant intentionally discriminated against the plaintiff, Darrel Thompson, and/or other older employees, based upon their age in violation of the Age Discrimination Employment Act of 1967.

14

100.     That the defendant, individually, and through their servants, agents and/or employees, were motivated by age discrimination and/or engaged in employment practices whereby age discrimination was the motivating factor in terminating the plaintiff's employment and that any other purported basis for termination is merely a pretext for defendant's improper discrimination.

101.     That based upon the foregoing, the defendant was in violation of the Age Discrimination Employment Act of 1967.

102.     That based upon the foregoing, the defendant intentionally engaged in discriminatory practices in violation of the Age Discrimination Employment Act of 1967.

103.     That the foregoing discriminatory conduct was undertaken by and/or at the direction of and/or with the approval of the defendant.

104.     That based upon the defendant's discriminatory practices, the plaintiff has been injured and harmed.

105.     That the defendant engaged in age discriminatory practices with malice and/or with reckless indifference to the protected rights of the plaintiff, Darrel Thompson.

106.     That based upon the foregoing, the plaintiff demands judgment against the defendant for compensatory damages, pecuniary loss, loss of benefits, damage to his reputation, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in an amount authorized by law.

107.     That based upon the foregoing, the plaintiff demands judgment against the defendant in the sum of four million ($4,000,000.00) dollars.

## AS AND FOR A THIRD  CAUSE OF ACTION BASED UPON DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN  RIGHTS LAW

108.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 107, as if separately set forth herein..

109.    At all relevant times, Plaintiff was an "employee" for purposes of § 296 of the New York State Human Rights Law.

110.    Defendant, THE BANK OF NEW YORK MELLON, falls under the definition of  "employer" for purposes of § 296 of the New York State Human Rights Law.

111.    Section 296 of the New York State Executive Law, known as the Human Rights Law, prohibits discrimination based upon age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status.

112.    By its actions set forth herein, Defendant unlawfully discriminated against Plaintiff on the basis of his age, race, color and national origin in violation of the New York State Human Rights Law.

113.    That as set forth in detail herein, the defendant discriminated against the plaintiff and/or terminated the plaintiff on the basis of his age, race, color and national origin, in violation of the New York State Human Rights Law.

114.    That the defendant herein wrongfully terminated plaintiff on the basis of his age, race, color and national origin, in violation of the New York State Human Rights Law and further, any purported reason for terminating the plaintiff is merely a pretext for the defendant's discriminatory actions and behavior.

115.    By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other pecuniary and/or economic loss, compensatory damages, loss of benefits, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in an amount exceeding the jurisdictional limits of this Court.

116.    By reason of the foregoing, Plaintiff suffered damages as set forth herein, including emotional pain and mental anguish, and pecuniary loss, loss of benefits, compensatory damages, pecuniary injury, damage to his reputation, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in the sum of  four million ($4,000,000.00) dollars.


### AS AND FOR A FOURTH  CAUSE OF ACTION BASED ON AGE DISCRIMINATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW


117.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 116, as if separately set forth herein.

118.    Plaintiff is a "person" under § 8-102(1) of the New York City Human Rights Law.

17

119.   Defendant is covered under the definition of "employer" for purposes of the New York Human Rights Law under New York City Administrative Code § 8-102(5).

120.   New York City Human Rights Law prohibits discrimination based upon age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status or domestic violence victim status.

121.   By its actions set forth herein, Defendant unlawfully discriminated against Plaintiff on the basis of his age, race, color and national origin in violation of the New York City Human Rights Law.

122.   That the defendant herein wrongfully terminated plaintiff on the basis of his age, race, color and national origin,  in violation of the New York City Human Rights Law and that any purported basis for terminating the plaintiff is merely a pretext for the defendant's discriminatory actions and/or behavior.

123.   By its actions set forth herein, defendants unlawfully discriminated against Plaintiff on the basis of his age, race, color and national origin, in violation of the New York City Human Rights Law.

124.   By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other pecuniary and/or economic loss, compensatory damages, damage to his reputation, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in an amount exceeding the jurisdictional limits of this Court.

125.    By reason of the foregoing, Plaintiff suffered damages as set forth herein, including emotional pain and mental anguish, and pecuniary loss compensatory damages, pecuniary loss, future pecuniary loss, loss of benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in the sum of four million  ($4,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR WRONGFUL TERMINATION

126.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 125, as if separately set forth herein.

127.    That as aforesaid, the plaintiff was improperly and/or illegally discriminated against and/or fired based upon his age, race, color and national origin.

128.    That based on the foregoing, the plaintiff was wrongfully fired and/or wrongfully discharged on February 29, 2016.

129.    That based on the foregoing, the plaintiff was wrongfully fired and/or wrongfully discharged on February 29, 2016 without any basis.

130.    That based on the foregoing, the plaintiff was wrongfully fired and/or wrongfully discharged on February 29, 2016 without any basis and that any purported basis for terminating plaintiff is merely a pretext for the defendant's discriminatory actions and/or behavior.

131.    By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other pecuniary and/or economic loss, compensatory damages, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in an amount exceeding the jurisdictional limits of this Court.

132.    By reason of the foregoing, Plaintiff suffered damages as set forth herein, including emotional pain and mental anguish, and pecuniary loss compensatory damages, pecuniary loss, future pecuniary loss, loss of benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and punitive damages in the sum of four million  ($4,000,000.00) dollars.

WHEREFORE, while reserving the right to seek additional damages as available, Plaintiff demands judgment against Defendant in the first cause of action in the sum of $4,000,000 or in an amount exceeding the jurisdiction of the court, together with costs, disbursements, attorneys fees, punitive damages and interest; in the second cause of action in the sum of $4,000,000 or in an amount exceeding the jurisdiction of the court, together with costs, disbursements, attorneys fees, punitive damages and interest; in the third cause of action in the sum of $4,000,000 or in an amount exceeding the jurisdiction of the court, together with costs, disbursements, attorneys fees, punitive damages and interest; in the fourth cause of action in the sum of $4,000,000 or in an amount exceeding the jurisdiction of the court, together with costs, disbursements, attorneys fees, punitive damages and interest; and in the fifth cause of action in the sum of $4,000,000 or in an amount exceeding the jurisdiction of the court, together with costs, disbursements,

attorneys fees, punitive damages and interest; and/or for all other damages permissible by

statute or otherwise.

Dated:   Richmond, New York
           February 26,  2017

                                        Yours, etc.
                                        SCIRETTA & VENTERINA, LLP
                                        Attorney for Plaintiff
                                        26 Park Court
                                        Staten Island, New York

                                        By: _____  AS 4283
                                              Antonia Sciretta

## VERIFICATION

STATE OF NEW YORK      )
                       ) s.s.:
COUNTY OF BRONX        )


DARREL THOMPSON, being duly sworn, deposes and says:

That I have  read the foregoing COMPLAINT  and know the contents hereof; that the same

are  true to his  knowledge upon information and belief, and that as to those matters he believes them

to be true.

*Darrel Thompson*

DARREL THOMPSON


Sworn to before me this 26

day of FEBRUARY , 2017.

Notary Public

RONALD S THOMPSON
Notary Public, State of New York
Qualified in Bronx County
No. 01TH6273449
My Commission Expires 12-10-2020